United States District Court
Southern District of Texas
**ENTERED**
March 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J&J Sports Productions, Inc., <br> As Broadcast Licensee of the May 5, 2012 <br> Floyd Mayweather, Jr. v. Miguel Cotto Event, <br> *Plaintiff*, <br><br> v. <br><br> 1) Southmore Group, LLC, individually and d/b/a Sugarhill Lounge a/k/a Sugarhill Bar & Lounge a/k/a Sugarhill; <br><br> 2) Robert J. Wright a/k/a Robert L. Wright, individually, and d/b/a Sugarhill Lounge a/k/a Sugarhill Bar & Lounge a/k/a Sugarhill; <br><br> 3) Steven Rogers a/k/a Steve Rogers, individually, and d/b/a Sugarhill Lounge a/k/a Sugarhill Bar & Lounge a/k/a Sugarhill; and <br><br> 4) Rosetta R. Rogers, individually, and d/b/a Sugarhill Lounge a/k/a Sugarhill Bar & Lounge a/k/a Sugarhill, <br> *Defendants*. | Civil Action No. 4:15-CV-01122 |

## MEMORANDUM AND RECOMMENDATION

This cable piracy case is before the Court on J&J's motion for final default judgment (Dkt. 12) against Southmore Group, d/b/a Sugarhill Lounge and various iterations thereof. J&J seeks an injunction, statutory damages in the amount of $10,000, willful damages in the amount of $50,000, attorney's fees in the amount of $20,000 (one-third of the total recovery), and costs and post-judgment interest. J&J also seeks conditional awards of attorney's fees if certain post-judgment procedural circumstances arise.

J&J has shown that Defendants Steven and Rosetta Rogers were served with the complaint and summons in this case on July 1, 2015 (Dkt. 7), and Defendants Southmore and

Wright were served on December 9, 2015 (Dkt. 10). The defendants have not answered or otherwise responded. Entry of default is appropriate.

J&J has shown that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553, 605. J&J presented evidence that on May 5, 2012, the Sugarhill Lounge establishment displayed, without authorization, the Floyd Mayweather, Jr. v. Miguel Cotto WBA World Light Middleweight Championship Fight Program. The event was shown on at least three televisions to approximately 109 patrons. The commercial sublicense fee for an establishment having a maximum occupancy of 200 people would have been $4,200 (Dkt. 12-1, ¶ 7).

Based on the evidence in the record, the Court recommends that default judgment be entered in favor of J&J against each named defendant, jointly and severally, in the amount of:

(i)     $10,000 statutory damages under 47 U.S.C. § 605(e)(3)(C)(i);

(ii)    $1,000 attorney's fees;

(iii)   post-judgment interest at the effective rate on date of entry of judgment; and

(iv)   costs.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* FED. R. CIV. P. 72.

Signed at Houston, Texas, on March 14, 2016.

Stephen Wm Smith
United States Magistrate Judge